UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Michelle Irizarry, Valerie Williams,
and Joanne Nixon,

        Plaintiffs,

      v.                                Case No. 6:19-cv-00268

Orlando Utilities Commission, Lennar
Corporation, U.S. Home Corporation,
Avalon Park Group Management, Inc.
d/b/a Avalon Park Group, and Beat Kahli,

          Defendants.        /

## DEFENDANT ORLANDO UTILITIES COMMISSION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

       Defendant, Orlando Utilities Commission ("OUC"), answers Plaintiffs' Class Action Complaint, filed on December 20, 2018 (Doc. 1-1), and as to each correspondingly numbered paragraph states as follows:

### RESPONSES TO NUMBERED PARAGRAPHS[1]

       1.     Denied; admitted only that (i) OUC partially owns and operates the two coal-fired electric generating units at the Curtis H. Stanton Energy Center ("Stanton Power Plant"), and (ii) Michelle Irizarry, Valerie Williams, and Joanne Nixon brought this action.

---

[1] The Complaint contains headings and subheadings.  To the extent that a response may be required, OUC denies every allegation in each Complaint heading and subheading.

2.      Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

3.      Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

4.      Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that some on-site samples of groundwater in the vicinity of the Stanton Power Plant's coal combustion residual landfill have detected gross alpha radiation at various times.

5.      Denied.

6.      Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

7.      Without knowledge or information.

8.      Without knowledge or information.

9.      Without knowledge or information.

10.     Admitted only (i) that OUC is a statutory commission created by the Florida legislature governed by a five-member commission (including the Mayor of Orlando) that provides electric, water, chilled water and/or lighting services to more than 246,000 customers in Orlando, St. Cloud and parts of unincorporated Orange and Osceola counties, and (ii) the second sentence of Paragraph 10.

11.     Without knowledge or information.

2

12.     Without knowledge or information.

13.     Without knowledge or information.

14.     Without knowledge or information.

15.     Denied that the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida has jurisdiction in this action; admitted only that the federal district court has jurisdiction over Plaintiffs' claims against OUC.

16.     Admitted only that OUC is a citizen of Florida and that the Federal District Court for the Middle District of Florida, Orlando Division has personal jurisdiction over it. Otherwise without knowledge or information.

17.     Denied; admitted only that venue is proper in the United States District Court for the Middle District of Florida consistent with removal of this action from state circuit court.

18.     Denied; admitted only that (i) OUC is identified as "The Reliable One" and that it provides electric, water, chilled water and/or lighting services to more than 246,000 customers in Orlando, St. Cloud and parts of unincorporated Orange and Osceola counties, serving a population of more than 435,500, and (ii) OUC partially owns and operates the Curtis H. Stanton Energy Center located in east Orange County approximately twelve miles southeast of Orlando and that the Stanton Energy Center can generate more than 1,800 megawatts of electricity through a combination of coal, natural gas, landfill gas and solar generation facilities.

19.     Denied; admitted only that the Stanton Power Plant includes two natural gas-fired energy generating units that are jointly owned with NextEra Energy, Inc., Kissimmee Utility Authority, and Florida Municipal Power Agency, and that OUC's Title V permit for the

3

Stanton Power Plant (i) describes Unit 1 as consisting of "a Babcock and Wilcox boiler/steam generator (Model RB 611) and steam turbine, which drives a generator with a nameplate rating of 468 megawatts," (ii) describes Unit 2 as consisting of "a Babcock and Wilcox boiler/steam generator (Model RB 621) and steam turbine, which drives a generator with a nameplate rating of 468 megawatts," and (iii) describes each boiler/steam generator as a "wall-fired dry-bottom unit."

20.     Denied; admitted only that (i) planning for development of Stanton Power Plant's Units 1 and 2 began in the late 1970s and early 1980s in conjunction with engineering consultants in order to accommodate, in part, rapid growth, new environmental regulations, and the need for fuel diversity, and (ii) Unit 1 began its commercial operation in 1987 and Unit 2 began its commercial operation in 1996.

21.     Denied; admitted only that OUC operates Units 1 and 2 and that it performs or contracts with others to perform certain other aspects of operations at the Stanton Power Plant, including transportation and offloading of coal for use in Units 1 and 2, storage and handling of coal for use in Units 1 and 2, and storage, handling, and disposition of solid fuels, coal, coal ash, coal combustion residuals, limestone, gypsum, and slag used in or generated from Units 1 and 2.

22.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area or that this action is appropriate for class certification or any form of class treatment.  Admitted only that the Stanton Power Plant's address is 5100 S. Alafaya Trail, Orlando, FL 32831, and that the Plant abuts the Hal Scott Regional Preserve and Park.  Otherwise without knowledge or information.

23.    Denied.

24.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area or that this action is appropriate for class certification or any form of class treatment.   Otherwise without knowledge or information.

25.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Admitted only that the regulatory or guidance materials identified by Plaintiffs exist and that those documents speak for themselves, but OUC does not concede their relevance or applicability in this matter. Otherwise without knowledge or information.

26.    Denied.

27.    Admitted only that (i) coal can contain varying levels of naturally occurring radioactive materials, (ii) coal combustion residuals are the byproducts remaining after coal is burned by power plants to produce electricity, and (iii) when coal is burned, ignitable compounds, which are largely organics, are converted into energy, i.e., heat, which in turn boils water to create steam that powers the rotation of turbines to create electricity.   Otherwise without knowledge or information.

28.    Denied; admitted only that (i) some wetted, fixated coal combustion residuals are transported by truck over internal site roads subject to dust control measures for disposal at the on-site permitted CCR landfill, (ii) other coal combustion residuals are transported by enclosed pneumatic tanker over internal site roads subject to dust control measures for off-site delivery, and (iii) coal is stored in open, shaped piles on Stanton Power Plant property.

29.     Denied.

30.     Denied; admitted only that some on-site samples of groundwater in the vicinity of the Stanton Power Plant's coal combustion residual landfill have detected gross alpha radiation at various times.

31.     Denied; admitted only that the environmental organizations produced materials as identified and that those documents speak for themselves.

32.     Denied; admitted only that (i) Boral Services conducts daily observations for the presence of dust from the on-site roadways or landfill and initiates additional dust mitigation measures, including additional water application and use of sweeper trucks, as appropriate, and (ii) records are maintained of such activities and that, upon information and belief, Plaintiffs appear to have selectively combined and presented certain information from such records into Plaintiffs' table in Paragraph 32.

33.     Admitted only that OUC has purchased some coal for the Stanton Power Plant produced from mines located in the Illinois Basin.  The Orlando Utilities Commission Minutes speak for themselves.  Otherwise without knowledge or information.

34.     Without knowledge or information.

35.     Denied; admitted only that (i) OUC performed planning and permitting activities for construction of coal-fired electric generating units at the Stanton Power Plant in the 1980s, (ii) that it received a permit to construct and operate Units 1 and 2 from the Florida Department of Environmental Protection, and (iii) that permit, Permit No. Federal-PSD-FL-084 dated May 14, 1982, speaks for itself and contains operational requirements.

36.     Denied; admitted only that (i) the Stanton Power Plant began coal-burning operations at Unit 1 in 1987 and at Unit 2 in 1996, and (ii) until the mid to late 1990s, the area surrounding the Stanton Power Plant was largely undeveloped, and there were few residential properties located in close proximity to the facility.

37.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.  Otherwise without knowledge or information.

38.     Without knowledge or information

39.     Without knowledge or information.

40.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.  Otherwise without knowledge or information.

41.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.  Otherwise without knowledge or information.

42.     Denied.

43.     Denied.

44.     Without knowledge or information.

45.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

46.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

47.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Without knowledge or information.

52.     Without knowledge or information.

53.     Without knowledge or information.

54.     Without knowledge or information.

55.     Without knowledge or information.

56.     Without knowledge or information.

57.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

58.     Without knowledge or information.

59.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

60.     Without knowledge or information.

61.   Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

62.   Without knowledge or information.

63.   Without knowledge or information.

64.   Without knowledge or information.

65.   Without knowledge or information.

66.   Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

67.   Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

68.   Without knowledge or information.

69.   Without knowledge or information.

70.   Without knowledge or information.

71.   Without knowledge or information.

72.   Without knowledge or information.

73.   Without knowledge or information.

74.   Without knowledge or information.

75.   Without knowledge or information.

76.   Without knowledge or information.

77.     Without knowledge or information.

78.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area.   Otherwise without knowledge or information.

79.     Without knowledge or information.

80.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

81.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

82.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

83.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

84.     Denied.

85.     Denied that this action is appropriate for class certification or any form of class treatment.  Otherwise without knowledge or information.

86.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area or that this action is appropriate for class certification or any form of class treatment.   Otherwise without knowledge or information.

87.     Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area or that this action is

appropriate for class certification or any form of class treatment. Otherwise without knowledge or information.

88.     Denied that this action is appropriate for class certification or any form of class treatment. Otherwise without knowledge or information.

89.     Denied that this action is appropriate for class certification or any form of class treatment. Otherwise without knowledge or information.

90.     Denied.

91.     Denied.

92.     Denied.

## COUNT I—STRICT LIABILITY UNDER FLORIDA STATUTE § 376.313 AGAINST THE OUC

93.     Admitted that Plaintiffs reallege and reaffirm their allegations in paragraphs 1-92 to which OUC restates its responses.

94.     Denied.

95.     Admitted only that the statutory language speaks for itself. Otherwise without knowledge or information.

96.     Denied.

97.     Denied.

98.     Denied.

## COUNT II—INVERSE CONDEMNATION AGAINST THE OUC

99.     Admitted that Plaintiffs reallege and reaffirm their allegations in paragraphs 1-98 to which OUC restates its responses.

100.    Denied; admitted only that the applicable law speaks for itself regarding the definition of inverse condemnation.

101.    Denied.

102.    Denied.

## COUNT III—STRICT LIABILITY UNDER FLORIDA STATUTE § 376.313 AGAINST LENNAR

103.    Admitted that Plaintiffs reallege and reaffirm their allegations in paragraphs 1-92 to which OUC restates its responses.

104.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

105.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

106.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

107.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

## COUNT IV—STRICT LIABILITY UNDER FLORIDA STATUTE § 376.313 AGAINST U.S. HOME

108.    Admitted that Plaintiffs reallege and reaffirm their allegations in paragraphs 1-92 to which OUC restates its responses.

109.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

110.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

111.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

112.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

## COUNT V—LIABILITY UNDER FLORIDA STATUTE § 376.313 AGAINST AVALON PARK GROUP AND BEAT KAHLI

113.    Admitted that Plaintiffs reallege and reaffirm their allegations in paragraphs 1-92 to which OUC restates its responses.

114.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

115.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

116.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

117.    Denied that the Stanton Power Plant has contaminated, harmed, damaged, or injured any properties or persons within the purported class area; admitted only that the statutory language speaks for itself.  Otherwise without knowledge or information.

## TOLLING OF LIMITATIONS

118.    Denied.

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

Denied that Plaintiffs are entitled to judgment or any relief requested in Plaintiffs' Complaint.  OUC hereby demands a trial by jury on all matters triable as of right by a jury.

## GENERAL DENIAL

To the extent any allegation in Plaintiffs' Complaint—including in footnotes, headings, subheadings, diagrams, exhibits, or subparagraphs—has not been admitted or specifically responded to, OUC denies such allegation.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, OUC asserts the following affirmative defenses:

14

**First Affirmative Defense**
**(Florida Statute Section 403)**

Plaintiffs' claims under Section 376.313, Florida Statutes, fail because, among other things, the alleged discharges on which Plaintiffs' claims are based are authorized under Section 403.

**Second Affirmative Defense**
**(Florida Statute Section 376.308)**

Plaintiffs' relief under Count I is barred, in whole or in part, by Florida Statute § 376.308.

**Third Affirmative Defense**
**(Waiver)**

Plaintiffs' relief is barred, in whole or in part, by the doctrine of waiver.

**Fourth Affirmative Defense**
**(Estoppel)**

Plaintiffs' relief is barred by the doctrine of estoppel.

**Fifth Affirmative Defense**
**(Laches)**

Plaintiffs' relief is barred, in whole or in part, by the doctrine of laches.

**Sixth Affirmative Defense**
**(Statute of Limitations)**

Plaintiffs' relief is barred, in whole or in part, by the applicable statute of limitations.

**Seventh Affirmative Defense**
**(No Tolling)**

Plaintiffs' relief is barred because Plaintiffs cannot prove the requisite elements of tolling, or any other theory under which Plaintiffs seek to toll the applicable statute of limitations.

**Eighth Affirmative Defense**
**(Notice)**

Plaintiffs' relief is barred because Plaintiffs had prior knowledge of all available information and because Plaintiffs were on actual, constructive, and/or inquiry notice of the conditions about which they now complain.

**Ninth Affirmative Defense**
**(Assumption of Risk)**

Plaintiffs' relief is barred because Plaintiffs knew of the risk they assumed when the purchased their properties.

**Tenth Affirmative Defense**
**(Statute of Repose)**

Plaintiffs' relief is barred by the applicable statute of repose.

**Eleventh Affirmative Defense**
**(Caveat Emptor)**

Plaintiffs' relief is barred by the doctrine of caveat emptor.

**Twelfth Affirmative Defense**
**(Failure to Mitigate)**

Plaintiffs' relief is barred because Plaintiffs failed to mitigate, minimize, or avoid the purported injuries and damages alleged.

**Thirteenth Affirmative Defense**
**(Offset)**

Plaintiffs' relief is barred because any claimed injury or damage has been offset by benefits received by Plaintiffs and/or one or more members of the alleged class with respect to the challenged conduct.

**Fourteenth Affirmative Defense**
**(Intervening and/or Superseding Cause)**

Plaintiffs' relief is barred because Plaintiffs' damages were directly caused by intervening and/or superseding cause, which was remote and unforeseeable.

**Fifteenth Affirmative Defense**
**(Sovereign Immunity)**

Plaintiffs' relief is barred by sovereign immunity.

**Sixteenth Affirmative Defense**
**(Lack of Standing)**

Plaintiffs lack standing.

**Seventeenth Affirmative Defense**
**(Preemption)**

Plaintiffs' relief is preempted by federal law.

**Eighteenth Affirmative Defense**
**(Economic Loss Doctrine)**

Plaintiffs' relief is barred under the economic loss doctrine.

**Nineteenth Affirmative Defense**
**(No Deprivation)**

Plaintiffs' relief under Count II is barred because Plaintiffs have not been deprived of all, or even substantially all, economically viable use of the property at issue.

**Twentieth Affirmative Defense**
**(Compliance with Laws)**

Plaintiffs' relief is barred because OUC's action and/or conduct was done in accordance and compliance with the applicable laws and standards.

## Twenty-First Affirmative Defense
### (Mandated Acts or Omissions)

Plaintiffs' relief is barred because the federal and state laws mandated the alleged actions or omissions of OUC.

## Twenty-Second Affirmative Defense
### (Good Faith)

Plaintiffs' relief is barred because OUC has at all times acted in good faith and without malice toward Plaintiffs and in accordance with applicable law.

## Twenty-Third Affirmative Defense
### (Unjust Enrichment)

Plaintiffs' relief is barred under the doctrine of unjust enrichment.

## Twenty-Fourth Affirmative Defense
### (Economic Waste Doctrine)

Plaintiffs are not entitled to relief insofar as Plaintiffs may not recover both diminution in value and restoration costs, nor may Plaintiffs recover restoration costs that exceed the diminution in value.

## Twenty-Fifth Affirmative Defense
### (Set Off)

To the extent that Plaintiffs are entitled to recover any sums against OUC, OUC is entitled to a set off for any reimbursements and payments received by Plaintiffs from any other sources.

**Twenty-Sixth Affirmative Defense**
**(Primary Jurisdiction)**

The relief sought by Plaintiffs is within the particular expertise of federal and state governments and their agencies.  This Court should abstain and defer to the public agencies, including, but not limited to, the Florida Department of Environmental Protection.

\* \* \*

To the extent applicable to it, OUC adopts and incorporates each and every affirmative defense asserted by any other defendant in this action.  OUC has not waived any defenses and reserves its right to amend or supplement the above defenses or to delete and withdraw such defenses as may become necessary after discovery.

Dated: March 17, 2019                        Respectfully submitted,

/s/ David B. Weinstein
David B. Weinstein (FBN 604410)
E-mail: weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
E-mail: torresch@gtlaw.com
Ryan T. Hopper (FBN 0107347)
E-mail: hopperr@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary Email: thomasm@gtlaw.com;
FLService@gtlaw.com

Richard E. Mitchell (FBN 0168092)
E-mail: rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

Secondary
Email:maryann.hamby@grayrobinson.com

Kent Mayo
E-mail: kent.mayo@bakerbotts.com
Megan H. Berge
E-mail: megan.berge@bakerbotts.com
Sterling A. Marchand
E-mail: sterling.marchand@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave.
Washington, DC 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendant*
*Orlando Utilities Commission*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ David B. Weinstein
Attorney