UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE IRIZARRY, VALERIE
WILLIAMS, JOANNE NIXON, JOANN
ROBINSON and BRANDON LITT,

    Plaintiffs,

v.                                                    Case No:   6:19-cv-268-Orl-37TBS

ORLANDO UTILITIES COMMISSION,
LENNAR CORPORATION, U.S. HOME
CORPORATION, AVALON PARK
GROUP MANAGEMENT, INC., BEAT
KAHLI, LENNAR HOMES, LLC, BORAL
RESOURCES, LLC and PREFERRED
MATERIALS, INC.,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants Avalon Park Group and Beat Kahli's Amended Motion to Stay Discovery and Initial Disclosures Pending Ruling on Dispositive Motion to Dismiss Amended Complaint (Doc. 66). Plaintiffs have filed a response in opposition to the motion (Doc. 70).

Plaintiffs bring this lawsuit on their own behalf and on behalf of putative classes and sub-classes of people who own property in a defined area ("Area") of Orlando, Florida (Doc. 43, ¶ 1). The gravamen of Plaintiffs' complaint is that the coal-fired energy generation units at the Curtis H. Stanton Energy Center produce contaminants that are being released and blown about the Area (Id.). Plaintiffs also complain that some of the contaminants have been disbursed in concrete and other construction materials used to build homes in the Area (Id., ¶ 2).

Count V of Plaintiffs' amended complaint alleges that Defendants Avalon Park Group Management, Inc. ("APG") and Mr. Kahli planned, developed, built, and marketed the Avalon Park master-planned community ("Avalon Park") that is located in the Area (Id., ¶ 337). Plaintiffs charge that during the development and construction of Avalon Park APG and Mr. Kahli were responsible for the delivery and spreading of contaminants that originated from the Curtis H. Stanton Power Plant (Id., ¶ 340). The amended complaint asserts that FLA. STAT. § 376.313 makes APG and Mr. Kahli strictly liable for all damages that have resulted from this contamination (Id., ¶¶ 337, 343).

APG and Mr. Kahli have motioned the Court to dismiss Count V for failure to state a cause of action (Doc. 49). Plaintiffs have responded and that matter is pending before the district judge (Doc. 58). In the meantime, APG and Mr. Kahli are asking the Court to stay their obligations to provide initial disclosures and engage in discovery (Doc. 66). As grounds, they argue that their motion to dismiss is meritorious, dispositive, and should be granted in which event there will be no need for them to participate in what they anticipate will be expensive and wasteful discovery (Id., at 3-6).

Plaintiffs believe the motion for stay should be denied because Defendants have not met their burden to show an immediate and clear possibility that the motion to dismiss will be granted or, that if it is granted, that it will end APG and Mr. Kahli's participation in this case (Doc. 70 at 3-4). Plaintiffs posit that if the motion to dismiss is granted, the Court will in all probability, give them leave to amend Count V (Id., at 4-5). They also argue that other Defendants have already answered so APG and Mr. Kahli may be called on to provide discovery even if Count V is dismissed with prejudice (Id., at 5). Lastly, Plaintiffs maintain that while the burden and expense of complying with their discovery requests may be grounds for a protective order, it is not a good reason to enter a stay (Id.).

The Court has the inherent power to control its docket and manage its cases including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017).

But, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."). Ordinarily in this district "the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2015) at 5.[1] "Such motions for stay are rarely granted." Id.

The party seeking to stay discovery has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S.

---

[1] The Court has recommended certain practices and procedures that appear in the district's discovery handbook.

Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether there is good cause and that a stay is reasonable the district court:

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson, 121 F.R.D. at 263; see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

The Court has read APG and Mr. Kahli's motion to dismiss and Plaintiffs' response (Docs. 49, 58). It has not read the statutes and cases cited by the parties but, accepting their representations concerning the law they have cited, the Court is not persuaded that there is a sufficient likelihood that Count V will be dismissed with prejudice to grant the requested stay. Consequently, APG and Mr. Kahli's motion to stay their initial disclosures and discovery is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties