UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE IRIZARRY, VALERIE
WILLIAMS, JOANNE NIXON, JOANNE
ROBINSON, and BRANDON LITT,

        Plaintiffs,

vs.                                 CASE NO.:  6:19-cv-268-Orl-37EJK

ORLANDO UTILITIES COMMISSION;
LENNAR CORPORATION; LENNAR
HOMES, LLC; U.S. HOME CORPORATION;
AVALON PARK GROUP MANAGEMENT,
INC., D/B/A AVALON PARK GROUP;
BEAT KAHLI; BORAL RESOURCES, LLC;
and PREFERRED MATERIALS, INC.,

        Defendants.

_____/

**DEFENDANTS, LENNAR CORPORATION AND U.S. HOME
CORPORATION'S ANSWER, DEFENSES AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
<u>AMENDED CLASS ACTION COMPLAINT</u>**

       Defendant Lennar Corporation ("Lennar") and U.S. Home Corporation ("US Home"

and together with Lennar Corporation ("Lennar Defendants")),[1] files its Answer, Defenses,

and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint ("Amended

Complaint"), and state as follows:

<u>**INTRODUCTION**</u>

    1.    Denied.

    2.    Denied.

---

[1] All claims against Lennar Homes, LLC have been dismissed. (Docs. 57, 79).

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Without knowledge as to the conduct of, or agreements between OUC and Boral. The remaining allegations are denied.

10.     Without knowledge as to the operations of Preferred Materials. The remaining allegations are denied.

11.     Denied.

12.      Denied.

13.     Denied.

14.     Denied.

15.     Without knowledge as to the conduct of OUC, Boral, and Preferred Materials. The remaining allegations are denied.

16.     Without knowledge as to any testing of groundwater beneath the Stanton Power Plant. The remaining allegations are denied.

17.     Denied.

18.     Without knowledge as to the conduct of OUC. The remaining allegations are denied.

19.     Denied.

2

## PARTIES

### Plaintiffs

20.     The Lennar Defendant admit that the named Plaintiffs own property in the area defined as the "Class Area" in the Amended Complaint, but deny that this action is appropriate for class certification or any form of class treatment.

21.     The Lennar Defendants admit that Michelle Irizarry owns property at 14851 Hawksmoor Run Circle, Orlando, Florida. The remaining allegations are denied.

22.     The Lennar Defendants admit that Valerie Williams owns property at 14701 Chadbury Court, Orlando, Florida. The remaining allegations are denied.

23.     The Lennar Defendants admit that Joanne Nixon owns property at 14136 Deljean Circle, Orlando, Florida and that Joanne Nixon owns property at 14701 Chadbury Court, Orlando, Florida. The remaining allegations are denied.

24.     The Lennar Defendants admit that JoAnn Robinson owns property at 14162 Tanja King Blvd., Orlando, Florida. The remaining allegations are denied.

25.     The Lennar Defendants admit that Brandon Litt owns property at 10842 Ellison Avenue, Orlando, Florida.  However, Litt has dismissed all claims asserted by him in this litigation, including those of the putative Storey Park and Moss Park subclasses, against Lennar and Lennar Homes, LLC.

### Defendants

26.     Without knowledge or information; therefore, denied.

27.     Without knowledge or information; therefore, denied.

28.     The Lennar Defendants admit that Lennar Corporation is a publically traded Delaware corporation that is headquartered in Miami, Florida. The Lennar Defendants further admit that Lennar Corporation is the parent of U.S. Home Corporation. All allegations against Lennar Homes, LLC have been dismissed, and Lennar Homes, LLC is no longer a party to this action.

29.     The Lennar Defendants admit that U.S Home is a Delaware corporation that constructed homes in the Stoneybrook East community. All remaining allegations in this paragraph are otherwise denied.

30.     All allegations against Lennar Homes, LLC have been dismissed.

31.     Admitted as to Lennar Corporation and U.S. Home. All allegations against Lennar Homes, LLC have been dismissed.

32.     Lennar admits that it acquired U.S. Home in or about 2000.  All remaining allegations contained in this paragraph are denied.

33.     Denied.

34.     Without knowledge or information; therefore, denied.

35.     Without knowledge or information; therefore, denied.

36.     Without knowledge or information; therefore, denied.

37.     Without knowledge or information; therefore, denied.

38.     Without knowledge or information; therefore, denied.

39.     Without knowledge or information; therefore, denied.

40.     Without knowledge or information; therefore, denied.

41.     Without knowledge or information; therefore, denied.

42.     Without knowledge concerning the alleged conduct of Preferred Material regarding the manufacturing of concrete, and therefore denied.  All remaining allegations contained in this paragraph are denied.

43.     Without knowledge concerning the alleged operations of the Stanton Power Plant.  The remaining allegations are denied.

44.     Without knowledge or information; therefore, denied.

45.     Without knowledge or information; therefore, denied.

## JURISDICTION AND VENUE

46.     The Lennar Defendants admit that Plaintiffs filed this action in Circuit Court of Florida's Ninth Judicial Circuit.  The Lennar Defendants deny that the Circuit Court of Florida's Ninth Judicial Circuit had jurisdiction over the claims asserted by Plaintiffs Irizarry, Nixon and Williams against the Lennar Defendants.  All remaining allegations in this paragraph are denied.

47.     The Lennar Defendants admit that Defendant OUC removed this action to federal district court. The cited statutes speak for themselves. All remaining allegations in this paragraph are denied.

48.     The cited Act and statutory provision speak for themselves.  All remaining allegations contained in this paragraph are denied.

49.     Without knowledge or information; therefore, denied.

50.     Denied.

51.     Denied.

52.     Without knowledge or information; therefore, denied.

## FACTUAL ALLEGATIONS

53.     Without knowledge or information; therefore, denied.

54.     Without knowledge or information; therefore, denied.

55.     Without knowledge or information; therefore, denied.

56.     Without knowledge or information; therefore, denied.

57.     Without knowledge or information; therefore, denied.

58.     Without knowledge or information; therefore, denied.

59.     Without knowledge or information; therefore, denied.

60.     Without knowledge or information; therefore, denied.

61.     Without knowledge or information; therefore, denied.

62.     Without knowledge or information; therefore, denied.

63.     Without knowledge or information; therefore, denied.

64.     Without knowledge or information; therefore, denied.

65.     Without knowledge or information; therefore, denied.

66.     Without knowledge or information related to a "wind-rose" from the Orlando International Airport. The remaining allegations are denied.

67.     Without knowledge as to industrial facilities near the purported Class Area. The remaining allegations are denied.

68.     Denied.

69.     Denied.

70.     Without knowledge or information; therefore, denied.

71.     Without knowledge or information; therefore, denied.

72.   Denied.

73.   Without knowledge or information; therefore, denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Without knowledge or information; therefore denied.

78.   Denied.

79.   Without knowledge or information; therefore, denied.

80.   Without knowledge as to the conduct of the other Defendants. The Lennar Defendants deny the presence of any alleged Contaminants in the purported Class Area and further deny that their actions or omissions caused any alleged Contaminants to be present in the purported Class area.

81.   Without knowledge or information; therefore, denied.

82.   Without knowledge or information; therefore, denied.

83.   Without knowledge or information; therefore, denied.

84.   Without knowledge or information; therefore, denied.

85.   Without knowledge or information; therefore, denied.

86.   Without knowledge or information; therefore, denied.

87.   Without knowledge or information; therefore, denied.

88.   Denied.

89. Without knowledge or information as to any air modeling of the Stanton Power Plant's air emissions, the conduct of OUC, or the conduct of the Florida Department of Environmental Protection. The remaining allegations are denied.

90. Without knowledge or information as to groundwater sampling beneath the Stanton Power Plant. The remaining allegations are denied.

91. Denied.

92. Denied.

93. Without knowledge or information; therefore, denied.

94. Without knowledge or information; therefore, denied.

95. Without knowledge or information; therefore, denied.

96. Without knowledge or information; therefore, denied.

97. Without knowledge or information; therefore, denied.

98. Without knowledge or information; therefore, denied.

99. Without knowledge or information; therefore, denied.

100. Without knowledge or information; therefore, denied.

101. Without knowledge or information; therefore, denied.

102. Without knowledge or information; therefore, denied.

103. Without knowledge or information as to the transportation of ash though the purported Class Area. The remaining allegations are denied.

104. Without knowledge or information; therefore, denied.

105. Without knowledge or information as to the alleged conduct of Boral.  The remaining allegations are denied.

106.    Without knowledge or information as to the alleged conduct of Boral.  All remaining allegations are denied.

107.    Without knowledge or information; therefore, denied.

108.    Without knowledge or information; therefore, denied.

109.    Without knowledge or information; therefore, denied.

110.    Without knowledge or information; therefore, denied.

111.    Without knowledge or information; therefore, denied.

112.    Without knowledge or information; therefore, denied.

113.    Without knowledge or information; therefore, denied.

114.    Without knowledge or information; therefore, denied.

115.    Without knowledge or information; therefore, denied.

116.    Without knowledge or information; therefore, denied.

117.    Denied.

118.    Denied.

119.    Admitted that U.S. Home Corp. was involved in the development of Stoneybrook East in Orange County. The remaining allegations are denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Without knowledge or information; therefore, denied.

125.    Without knowledge or information; therefore, denied.

126. Without knowledge or information; therefore, denied.

127. All claims based on ownership of property in Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

128. All claims based on ownership of property in Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

129. All claims against Lennar Homes, LLC and claims related to Moss Park and Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

130. All claims against Lennar Homes, LLC and claims related to Moss Park and Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

131. Denied.

132. Denied.

133. All claims against Lennar Homes, LLC and related to Moss Park and Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

134. All claims against Lennar Homes, LLC and related to Moss Park and Storey Park have been dismissed. To the extent that this paragraph might be construed as related to other claims in this litigation, the allegations are denied.

135. Without knowledge or information; therefore, denied.

136.    Without knowledge or information; therefore, denied.

137.    Without knowledge or information; therefore, denied.

138.    Without knowledge or information; therefore, denied.

139.    Without knowledge or information; therefore, denied.

140.    Without knowledge or information; therefore, denied.

141.    Denied.

142.    Denied

143.    Denied.

144.    Denied.

145.    The Lennar Defendants deny that the Stanton Power Plant has contaminated or harmed any properties or persons within the purported Class Area, and deny that there was any hazard to warn residents about. Moreover, the Lennar Defendants never sold the Plaintiffs any property and, therefore, had no duty to warn even if any such hazards existed.

146.    Without knowledge or information; therefore, denied.

147.    Without knowledge or information as to the alleged conduct of Preferred Materials. The remaining allegations are denied.

148.    Denied.

149.    Without knowledge or information; therefore, denied.

150.    Without knowledge or information; therefore, denied.

151.    Without knowledge or information; therefore, denied.

152.    Without knowledge or information; therefore, denied.

153.    Without knowledge or information; therefore, denied.

11

154.     Without knowledge or information; therefore, denied.

155.     Without knowledge or information as to the alleged conduct of Prestige AB Ready Mix and Preferred Materials. The remaining allegations are denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Without knowledge or information; therefore, denied.

163.     The Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment. Otherwise, without knowledge or information; therefore, denied.

164.     The Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment. Otherwise, without knowledge or information; therefore, denied.

165.     Without knowledge or information; therefore, denied.

166.     Denied.

167.     Without knowledge or information; therefore, denied.

168.     Denied.

169.     Denied.

170.     Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Without knowledge or information; therefore, denied.

182. Without knowledge or information; therefore, denied.

183. Without knowledge or information; therefore, denied.

184. Without knowledge or information; therefore, denied.

185. Without knowledge or information; therefore, denied.

186. Without knowledge or information; therefore, denied.

187. Without knowledge or information; therefore, denied.

188. Without knowledge or information; therefore, denied.

189. Without knowledge or information; therefore, denied.

190. Without knowledge or information; therefore, denied.

191. Without knowledge or information; therefore, denied.

192.    Without knowledge or information as to paragraph 192 and all subparagraphs; therefore, denied.

193.    Without knowledge or information; therefore, denied.

194.    Without knowledge or information; therefore, denied.

195.    Without knowledge or information; therefore, denied.

196.    Without knowledge or information; therefore, denied.

197.    Without knowledge or information; therefore, denied.

198.    Without knowledge or information; therefore, denied.

199.    Without knowledge or information; therefore, denied.

200.    Without knowledge or information; therefore, denied.

201.    Denied.

202.    Without knowledge or information; therefore, denied.

203.    Denied.

204.    Without knowledge or information; therefore, denied.

205.    Without knowledge or information; therefore, denied.

206.    Without knowledge or information; therefore, denied.

207.    Without knowledge or information; therefore, denied.

208.    Without knowledge or information; therefore, denied.

209.    Without knowledge or information; therefore, denied.

210.    Denied.

211.    Without knowledge or information; therefore, denied.

212.    Without knowledge or information; therefore, denied.

213.   Without knowledge or information; therefore, denied.

214.   Without knowledge or information; therefore, denied.

215.   Without knowledge or information; therefore, denied.

216.   Without knowledge or information; therefore, denied.

217.   Without knowledge or information; therefore, denied.

218.   Without knowledge or information; therefore, denied.

219.   Without knowledge or information; therefore, denied.

220.   Without knowledge or information; therefore, denied.

221.   Without knowledge or information; therefore, denied.

222.   Without knowledge or information; therefore, denied.

223.   Without knowledge or information; therefore, denied.

224.   Without knowledge or information; therefore, denied.

225.   Without knowledge or information; therefore, denied.

226.   Denied.

227.   Denied.

228.   Without knowledge or information; therefore, denied.

229.   Denied.

230.   Without knowledge or information; therefore, denied.

231.   Without knowledge or information; therefore, denied.

232.   Without knowledge or information; therefore, denied.

233.   Without knowledge or information; therefore, denied.

234.   Denied.

235.   Without knowledge or information; therefore, denied.

236.   Without knowledge or information; therefore, denied.

237.   Without knowledge or information; therefore, denied.

238.   Without knowledge or information; therefore, denied.

239.   Without knowledge or information; therefore, denied.

240.   Without knowledge or information; therefore, denied.

241.   Without knowledge or information; therefore, denied.

242.   Without knowledge or information; therefore, denied.

243.   Without knowledge or information; therefore, denied.

244.   Denied.

245.   Without knowledge or information; therefore, denied.

246.   Without knowledge or information; therefore, denied.

247.   Without knowledge or information; therefore, denied.

248.   Without knowledge or information; therefore, denied.

249.   Denied.

250.   Without knowledge or information; therefore, denied.

## **CLASS ALLEGATIONS**

251.   The Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment. Otherwise, the Lennar Defendants are without knowledge or information; therefore, denied.

252.     The Lennar Defendants admit that Plaintiffs seek class certification, but the Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment.

253.     The Lennar Defendants admit that Plaintiffs seek class certification, but the Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment.

254.     The Lennar Defendants admit that Plaintiffs seek class certification, but the Lennar Defendants deny that this action is appropriate for class certification or any form of class treatment.

255.     Denied.

256.     Denied.

257.     Denied.

258.     Denied.

259.     Denied.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

<div align="center">**Applicable Law**</div>

264.     The cited Act and statutory provision speak for themselves.  Otherwise, the allegations contained in paragraph 264 are denied.

265.    The cited Act and statutory provision speak for themselves The Lennar Defendants deny Plaintiffs' allegations and any purported liability under § 376.313. Otherwise, the allegations in paragraph 265 are denied.

266.    The cited provision of Florida Statute speaks for itself.    The Lennar Defendants deny Plaintiffs' allegations and any purported liability under § 376.313. Otherwise, the allegations in paragraph 266 are denied.

## COUNT I—STRICT LIABILITY UNDER FLORIDA STATUTE § 376.3.3 AGAINST THE OUC

267.    In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

268.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

269.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

270.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

271.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

272.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

273.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

274.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

275.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

276.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

277.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

278.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

279.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

280.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

281.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

282.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

283.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

284.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

285.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

286.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

287.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

288.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

289.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

290.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

291.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

292.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

293.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

294.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

295.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

296.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

297.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

298.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

299.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

300.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

301.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

302.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

303.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

304.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

305.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

306.    The allegations in Count I are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

## COUNT II—INVERSE CONDEMNATION AGAINST THE OUC

307.     In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

308.     The allegations in Count II are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

309.     The allegations in Count II are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

310.     The allegations in Count II are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

311.     The allegations in Count II are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

## COUNT III—STRICT LIABILITY UNDER FLORIDA STATUTE
## § 376.313 AGAINST LENNAR

312.     In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

313.     Denied.

314.     Denied.

315.     Denied.

316.     Denied.

317.     Denied.

318.     Denied.

319.     Denied.

## COUNT III[2]—STRICT LIABILITY UNDER FLORIDA STATUTE
## § 376.313 AGAINST LENNAR HOMES

320.    In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

321.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

322.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

323.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

324.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

325.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no

---

[2] Plaintiffs have mistakenly labeled two counts as "Count III."

assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

326.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

327.    All allegations against Lennar Homes, LLC have been dismissed, and all allegations related to Storey Park and Moss Park have been dismissed. Therefore, no assertions are made against Lennar Homes, LLC and no answer is required under Federal Rule of Civil Procedure 8(b). To the extent any allegations remain, they are denied.

## COUNT IV—STRICT LIABILITY UNDER FLORIDA STATUTE § 376.313 AGAINST U.S. HOME

328.    In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

329.    Denied.

330.    Denied.

331.    Denied.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

## COUNT V—STRICT LIABILITY UNDER FLORIDA STATUTE
## § 376.313 AGAINST AVALON PARK GROUP AND BEAT KAHLI

336.     In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

337.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

338.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

339.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

340.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

341.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

342.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

343.     The allegations in Count V are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

## COUNT VI—STRICT LIABILITY UNDER FLORIDA STATUTE
## § 376.313 AGAINST BORAL RESOURCES LLC

344.     In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

345.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

346.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

347.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

348.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

349.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

350.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

351.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

352.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

353.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

354.    The allegations in Count VI are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

## COUNT VII—STRICT LIABILITY UNDER FLORIDA STATUTE
## § 376.313 AGAINST PREFERRED MATERIALS, INC.

355.　In response to this paragraph, the Lennar Defendants reallege and reaffirm their responses to the allegations contained in paragraphs 1-266 of the Amended Complaint.

356.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

357.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

358.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

359.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

360.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

361.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

362.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

363.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

364.　The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

365.    The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

366.    The allegations in Count VII are not asserted against the Lennar Defendants. Therefore, no answer is required under Federal Rule of Civil Procedure 8(b).

## TOLLING OF LIMITATIONS

367.    Denied.

## GENERAL DENIAL

To the extent that any allegation in Plaintiffs' Amended Complaint—including in footnotes, headings, subheadings, diagrams, exhibits, or subparagraphs—has not been specifically admitted or specifically responded to, the Lennar Defendants deny such allegation.

## JURY TRIAL DEMAND AND PRAYER FOR RELIEF

The Lennar Defendants deny that Plaintiffs Irizarry, Nixon and/or Williams are entitled to a trial by jury on their claims against the Lennar Defendants, and deny that these Plaintiffs are entitled to any judgment or any relief requested in the Amended Complaint against the Lennar Defendants.  The Lennar Defendants further deny that the putative Storey Park and Moss Park subclasses, which such subclasses' claims against Lennar and Lennar Homes, LLC have been dismissed, are entitled to a jury trial, and that any member of these putative subclasses is entitled to any judgment or any relief requested in the Amended Complaint against the Lennar Defendants.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of defense and affirmative defense, the Lennar Defendants state as follows:

1.     ***Statute of Limitations.*** The claims brought by Plaintiffs are barred by the applicable statute of limitations.

2.     ***Statute of Repose.*** The claims brought by Plaintiffs are barred by the applicable statute of repose.

3.     ***No Pollutants.*** Plaintiffs' claims fail because the alleged contaminants are not pollutants as defined by the Florida Water Quality Assurance Act of 1983, §§ 376.30–376.317, Florida Statutes ("WQAA").

4.     ***No Discharge.*** Plaintiffs' claims against the Lennar Defendants fail because no prohibited discharge by the Lennar Defendants occurred. Moreover, if there were a discharge, that discharge was authorized under Chapter 403, Florida Statutes.

5.     ***Section 376.306, Florida Statutes.*** Plaintiffs' claims are barred by § 376.306, Florida Statutes.

6.     ***Section 376.308, Florida Statutes.*** Plaintiffs' claims are barred by § 376.308, Florida Statutes, including but not limited to, § 376.308(2)(d). Any alleged prohibited discharge was solely the result of an act or omission by individuals and/or entities other than the Lennar Defendants.

7.     ***Waiver.*** Plaintiffs' claims are barred by the doctrine of waiver.

8.     ***Estoppel.*** Plaintiffs' claims are barred by the doctrine of estoppel.

9.     ***Laches.*** Plaintiffs' claims are barred by the doctrine of laches.

10.    ***Tolling.*** Plaintiffs' claims do not toll the applicable statutes of limitations.

29

11.     ***Notice.*** Plaintiffs' claims are barred because Plaintiffs had actual, constructive, and/or inquiry notice of the conditions about which they allege.

12.     ***Caveat Emptor.*** Plaintiffs' claims are barred by the doctrine of caveat emptor.

13.     ***Assumption of the Risk.*** Plaintiffs' relief is barred because Plaintiffs assumed any risk associated with the purchase of their properties.

14.     ***No Duty to Disclose.*** To the extent that Plaintiffs' claim the Lennar Defendants were obligated to disclose anything, no such duty to disclose existed because there is no buyer-seller relationship between Plaintiffs and the Lennar Defendants.

15.     ***Failure to Mitigate.*** Plaintiffs' claims are barred because Plaintiffs failed to mitigate, minimize, or avoid the purported injuries and damages alleged. Indeed, Plaintiffs are liable themselves under § 376.313.

16.     ***Offset.*** Plaintiffs' claims are barred because any claimed injury or damage has been offset by benefits received by Plaintiffs and/or one or more members of the alleged class with respect to the challenged conduct.

17.     ***Set off.*** To the extent that Plaintiffs are entitled to recover any sums against the Lennar Defendants, the Lennar Defendants are entitled to a set off for any reimbursements and payments received by Plaintiffs from any other sources.

18.     ***Intervening and/or Superseding Cause.*** Plaintiffs' claims are barred because Plaintiffs' damages were directly caused by intervening and/or superseding causes, which were remote and unforeseeable.

19.     ***Standing.*** Plaintiffs lack standing to assert their claims.

20.     ***Preemption.*** Plaintiffs' claims are preempted by federal law.

30

21.     ***Economic Loss Doctrine.*** Plaintiffs' claims are barred under the economic loss doctrine.

22.     ***Compliance with Laws.*** The Lennar Defendants actions and/or conduct was performed in accordance and compliance with the applicable laws and standards.

23.     ***Mandated Acts or Omissions.*** Plaintiffs' claims are barred because the alleged acts of omissions by the Lennar Defendants were mandated by federal or state law.

24.     ***Economic Waste Doctrine.*** Plaintiffs cannot recover both diminution in value and restoration costs. Moreover, Plaintiffs cannot recover restoration costs that exceed diminution in value.

25.     ***Primary Jurisdiction.*** The relief sought by Plaintiffs is within the particular expertise of federal and state governments and their agencies. This Court should abstain and defer to the public agencies, including but not limited to, the Florida Department of Environmental Protection.

26.     ***Deed and Declaration Covenants.*** The Plaintiffs' claims are barred pursuant to covenants and restrictions contained in deeds, declarations, and/or other documents conveying or governing the properties at issue. *See, e.g., Hayslip v. U.S. Home Corp.*, 44 Fla. L. Weekly D1798 (Fla. 2d DCA July 10, 2019).

27.     ***Class Certification Defenses.*** Plaintiffs have failed to allege a sufficient basis for certifying a class action. Among other things, Plaintiffs' proposed class is unascertainable, Plaintiffs' claims are not common to or typical of claims of the purported class, Plaintiffs' claims are not predominant, and adjudication of this litigation through a class is inferior to other methods of adjudication.

28. ***No Personal Injury Damages Available.*** Personal injury damages are unavailable under § 376.313(3), therefore, Plaintiffs' claims are barred to the extent they seek such relief.

29. ***Reservation of Defenses.*** The Lennar Defendants have not waived any defenses and reserve the right to amend, supplement, or withdraw the above defenses as necessary after discovery.

WHEREFORE, Defendants Lennar Corporation and U.S. Home Corporation, demand a judgment in their favor on all claims and allegations asserted in Plaintiffs' Amended Complaint as well as an award of taxable costs.

Dated this 3rd day of September, 2019.

<div style="margin-left: 40%;">

***s/ Suzanne Barto Hill***
_____

DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
CHRISTIAN H. TIBLIER, ESQUIRE
Florida Bar No. 0125886
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400 (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
E-mail:dgerber@rumberger.com (primary)
E-mail:shill@rumberger.com (primary)
E-mail:ctiblier@rumberger.com (primary)

**Attorneys for Defendants Lennar Corporation, and U.S. Home Corporation**

</div>